RANDALL, Circuit Judge.
 

 In the course of a proceeding for an arrangement under Chapter XI of the Bankruptcy Act, the debtor, American Grain Association, solicited bids for the sale of its grain elevator in Mermentau, Louisiana. The elevator stood on property subleased to American Grain by Lee-Vac, Ltd., which leased the property from the owner, the Fred B. and Ruth B. Zigler Foundation. The most favorable bid for the elevator was made by Bunge Corporation. American
 
 *247
 
 Grain accepted this bid and negotiated with Bunge a “Sublease with Option to Purchase.” Under the terms of this instrument, Bunge was to lease the elevator and sublease the site from American Grain for one year. American Grain also granted Bunge an option to purchase the elevator at the end of the year. If Bunge decided to purchase the elevator, American Grain agreed to assign its remaining interest in the lease of the site to Bunge.
 

 The lease agreement between American Grain and Lee-Vac provided that American Grain would not assign or sublease without the written approval of Lee — Vac and the Zigler Foundation. The lease agreement also stated that this “approval will not be unreasonably withheld.”
 

 In Mid-December, 1979, American Grain requested that Lee-Vac and the Zigler Foundation approve the agreement with Bunge. The Foundation promptly consented to the arrangement. Although American Grain informed Lee-Vac that “time was of the essence” in its efforts to close the deal with Bunge, Lee-Vac never responded to American Grain’s request for consent. On January 4, 1980, American Grain filed a petition in the bankruptcy court requesting that the court hold a hearing at which Lee-Vac would be required to show cause why it should not be ordered to approve the agreement with Bunge.
 

 On February 6, 1980, the bankruptcy court held such a hearing and found the following facts: (1) Lee-Vac had not given American Grain any reason why its approval was withheld; (2) Lee-Vac had sought no information regarding the contents of the agreement between American Grain and Bunge; (3) Lee-Vac had sought no information regarding the financial strength of Bunge. On the basis of these facts, the bankruptcy court concluded that Lee-Vac had unreasonably withheld its approval and the court ordered Lee-Vac to consent to the agreement.
 

 Lee-Vac appealed the bankruptcy court’s order to the district court which affirmed the bankruptcy court’s judgment. Lee-Vac then filed a notice of appeal to this court. Lee-Vac did not, however, seek a stay of the order requiring it to consent. Lee-Vac complied with the order and gave written approval of the arrangement between American Grain and Bunge, although Lee-Vac noted in a certificate appended to the consent that it was appealing the order of the bankruptcy court. Thereafter, American Grain and Bunge closed their transaction and the sublease and option agreements were executed.
 

 American Grain subsequently filed a motion to dismiss Lee-Vac’s appeal as moot on the grounds that Lee-Vac’s failure to seek a stay of the order entitled American Grain and Bunge to treat the judgment as final notwithstanding the pending appeal. American Grain argues that since Bunge and American Grain took irreversible action in reliance on the order, the appeal has become moot because the relief Lee-Vac seeks (i. e. the prohibition of the sublease) can no longer be obtained. We agree that Lee-Vac’s appeal is now moot.
 

 Although as a general rule a party need not seek a stay of a lower court’s judgment in order to protect its right to appeal, the “consequence of failing to obtain a stay is that the prevailing party may treat the judgment of the district court as final .... ” 9 J. Moore,
 
 Federal Practice
 
 ¶ 208.03, at 8-9 (2nd ed. 1979). Thus, in the absence of a stay, action of a character which cannot be reversed by the court of appeals may be taken in reliance on the lower court’s decree. As a result, the court of appeals may become powerless to grant the relief requested by the appellant. Under such circumstances the appeal will be dismissed as moot.
 
 Moore, id.
 
 at 8-10.
 

 This general rule of appellate procedure is made specifically applicable to proceedings in bankruptcy through Rule 805 of the Rules of Bankruptcy Procedure. Rule 805 provides in relevant part:
 

 Unless an order approving a sale of property ... is stayed pending appeal, the sale to a good faith purchaser ... shall not be affected by the reversal or modification of such order on appeal,
 
 *248
 
 whether or not the purchaser ... knows of the pendency of the appeal.
 

 Lee-Vac contends that this rule should be strictly construed to apply only to transactions falling within a narrow definition of the term “sale” and not to leases or options of interests in property. However, such a strict reading of the rule would ignore its relationship to the general rule of appellate procedure noted above and undermine the important policy of affording finality to lower court judgments in bankruptcy proceedings. Rule 805 expresses a “policy of not only affording finality to the judgment of the bankruptcy court but particularly to give finality to those orders and judgments upon which innocent third parties rely.” 14
 
 Collier on Bankruptcy
 
 ¶ 11-62.03 at 11-62-11 (14th ed. 1976). This policy concern is implicated not only when property is sold to a third party but also when a lease or option is granted to a third party in reliance on an order of a bankruptcy court.
 

 The Ninth Circuit has previously considered this question,
 
 In the Matter of Combined Metals Reduction Co.,
 
 557 F.2d 179 (9th Cir. 1977). In
 
 Combined Metals
 
 the bankruptcy and district courts approved leases, options to purchase and sales of various assets owned by a debtor. The appellant, a minority shareholder and creditor, filed a timely notice of appeal but failed to seek a stay of the order pending the outcome of the appeal. While the appeal was pending, the trustee executed leases and option contracts. Considering the question of mootness, the Ninth Circuit agreed with the trustee who argued that “[sjince the appellant did not obtain stays of the district court orders, ... the trustee ... was justified in acting in accordance with those orders, and ... his actions are now irreversible ... [appellant] is therefore left without any effective remedy, and, as a result, his appeals are now moot.” 557 F.2d at 187. The court concluded that in bankruptcy cases “the practical necessities involved ... require that unless an order of the bankruptcy judge or the district judge is stayed pending appeal, the trustee’s acts in accordance with that order should not thereafter be subject to reversal.”
 
 Id.
 
 at 189.
 

 We agree with the rationale and result of
 
 Combined Metals.
 
 In the absence of a stay of a bankruptcy court’s order affecting a debtor’s property, a party appealing the order will not be heard to affect the rights of a third party who, pursuant to the order, acquired, in good faith,
 
 [1]
 
 an option or lease on the property. This rule does not, of course, bar appeal where the appellant seeks relief vis-a-vis the debtor rather than the third party. Thus, for example, if Lee-Vac had asserted a claim against American Grain for damages resulting from breach of their lease agreement, this appeal would not now be moot because if this court reversed the decision below effective relief could be ordered in the form of damages to be paid by American Grain. Such relief would not adversely affect the interests of the third party, Bunge. In this case, however, Lee-Vac has requested only that we reverse the order requiring Lee-Vac to approve the sublease and permit Lee-Vac to withhold its consent. The effect of such a reversal would be to invalidate the sublease, to the detriment of Bunge. Where, as here, the only relief sought would cancel rights granted a third party pursuant to the bankruptcy court’s order, the appeal becomes moot because the court of appeals is powerless to grant such relief.
 

 DISMISSED.
 

 [1]
 

 . Mere knowledge that an aggrieved party has appealed the bankruptcy court’s order does not deprive a third party of the protection afforded a good faith purchaser.
 
 In re Dutch Inn of Orlando, Ltd.,
 
 614 F.2d 504 (5th Cir. 1980). Indeed Rule 805 expressly provides that the rights of a good faith purchaser “shall not be affected by the reversal or modification of such order on appeal, whether or not the purchaser ... knows of the pendency of the appeal.”