In re Herman HAYNES, Jr., Debtor.

Herman HAYNES, Jr., Plaintiff,

v.

FIRST UNITED BANK OF MISSISSIPPI, Taylor Machine Works, Inc., and Jacob C. Pongetti, Trustee, Defendants.

Bankruptcy No. 88–01113–BKC–ESE.
Adv. No. 88–0150–BKC–ESE.

United States Bankruptcy Court,
N.D. Mississippi.

Nov. 25, 1988.

Lawrence E. Young, West Point, Miss., for Herman Haynes, Jr.

David T. Wilson, Jr., Singley, Minniece, Hamill, Wilson and Mitts, Meridian, Miss., for First United Bank of Miss.

Charles P. Quarterman, Wells, Wells, Marble & Hurst, Jackson, Miss., for Taylor Machine Works, Inc.

Jacob C. Pongetti, Columbus, Miss., trustee.

## OPINION

DAVID W. HOUSTON, III, Bankruptcy Judge.

Came on for consideration the complaint to recover garnished wages filed by the debtor, Herman Haynes, Jr., hereinafter referred to as debtor or plaintiff; answer to said complaint and counter-claim against the plaintiff and cross-claim against the co-defendants, First United Bank of Mississippi and Taylor Machine Works, Inc., having been filed by the defendant/trustee, Jacob C. Pongetti; answers to said complaint having been filed by First United Bank of Mississippi, hereinafter referred to as First United Bank, and Taylor Machine Works, Inc., hereinafter referred to as Taylor Machine Works or employer; all parties being represented before the Court by their respective attorneys of record; and the Court having heard and considered same, hereby finds as follows, to-wit:

## I.

This Court has jurisdiction of the subject matter of and the parties to this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (B), (E), and (O).

## II.

That by their answers, the defendants, First United Bank and Taylor Machine Works, admit that the dispute in this adversary proceeding, concerning wages garnished subsequent to November 4, 1987, is at issue only between the plaintiff/debtor and the defendant/trustee. The defendant, First United Bank, contends that it is entitled to retain all wages garnished from the debtor's salary prior to November 4, 1987, but this is not disputed. The defendant, Taylor Machine Works, has essentially asked this Court for direction as to whom to pay the wages withheld from the debtor's salary subsequent to November 4, 1987.

## III.

On November 4, 1980, a judgment was enrolled against the debtor in favor of First United Bank in the sum of $13,052.84 plus interest to accrue at the rate of 8% per annum, as well as, attorney's fees in the sum of $2,600.00. On August 30, 1985, a writ of garnishment was served on the debtor's employer, Taylor Machine Works. First United Bank failed to renew its judgment prior to the expiration of the statute of limitations as required by § 15–1–47, Mississippi Code Annotated, and, as such, the lien of the judgment lapsed on November 4, 1987. At that time, the garnishment served on the debtor's employer should have also terminated. However, the employer continued to withhold from the debtor's wages as if the garnishment were still effective.

On June 2, 1988, the debtor filed a voluntary Chapter 13 bankruptcy petition, which was converted to a Chapter 7 case by order entered June 16, 1988. The debtor was discharged on October 21, 1988.

The debtor has claimed as exempt property, pursuant to § 85–3–1(1)(a) Mississippi Code Annotated, hereinafter MCA, the aforementioned wages that were erroneously withheld by his employer, Taylor Machine Works, from and after November 4, 1987. For reference purposes, this Code section is set forth as follows:

§ 85–3–1. Property exempt from seizure under execution or attachment; entitlement to exemptions under federal

law and under Constitution and statutes of Mississippi.

(1) There shall be exempt from seizure under execution or attachment:

(a) Tangible personal property of any kind, not exceeding Ten Thousand Dollars ($10,000.00) in value, which shall be selected by the debtor; *provided, however, this paragraph shall not apply* to distress warrants issued for collection of taxes due the state or *to wages described in Section 85–3–4.* (emphasis added)

The debtor has further claimed that the aforementioned wages should be turned over to him pursuant to the provisions of 11 U.S.C. §§ 522(g), 522(h), 544(a), and 547(b). These Code sections, however, are not applicable to this proceeding. The only issue that is significant is whether the debtor can claim an exemption in the aforesaid wages pursuant to § 85–3–1(1)(a), MCA, to which the trustee strenuously objects.

## IV.

As noted in § 85–3–1(1)(a), MCA, quoted hereinabove, the exemption in tangible personal property of any kind, not exceeding $10,000.00 in value, does not apply to wages described in § 85–3–4, MCA. For reference purposes, the latter Code section is set forth as follows:

§ 85–3–4. Execution or attachment of wages, salaries or other compensation; limitations.

(1) The wages, salaries or other compensation of laborers or employees, residents of this state, shall be exempt from seizure under attachment, execution or garnishment for a period of thirty (30) days from the date of service of any writ of attachment, execution or garnishment.

(2) After the passage of the period of thirty (30) days described in subsection (1) of this section, the maximum part of the aggregate disposable earnings (as defined by section 1672(b) of Title 15, United States Code Annotated) of an individual that may be levied by attachment, execution or garnishment shall be:

(a) In the case of earnings for any workweek, the lesser amount of either,

(i) Twenty-five percent (25%) of his disposable earnings for that week, or

(ii) The amount by which his disposable earnings for that week exceed thirty (30) times the federal minimum hourly wage (prescribed by section 206(a)(1) of Title 29, United States Code Annotated) in effect at the time the earnings are payable; or

(b) In the case of earnings for any period other than a week, the amount by which his disposable earnings exceed the following "multiple" of the federal minimum hourly wage which is equivalent in effect to that set forth in subparagraph (a)(ii) of this subsection (2): The number of workweeks, or fractions thereof multiplied by thirty (30) multiplied by the applicable federal minimum wage.

(3)(a) The restrictions of subsection (1) and (2) of this section do not apply in the case of:

(i) Any order for the support of any person issued by a court of competent jurisdiction or in accordance with an administrative procedure, which is established by state law, which affords substantial due process, and which is subject to judicial review.

(ii) Any debt due for any state or local tax.

(b) Except as provided in subparagraph (b)(iii) of this subsection (3), the maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed:

(i) Where such individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used), fifty percent (50%) of such individual's disposable earnings for that week; and

(ii) Where such individual is not supporting such a spouse or dependent child described in subparagraph (b)(i) of this subsection (3), sixty percent (60%) of such individual's disposable earnings for that week;

(iii) With respect to the disposable earnings of any individual for that workweek, the fifty percent (50%) specified in subparagraph (b)(i) of this subsection (3) shall be deemed to be fifty-five percent (55%) and the sixty percent (60%) specified in subparagraph (b)(ii) of this subsection (3) shall be deemed to be sixty-five percent (65%), if and to the extent that such earnings are subject to garnishment to enforce a support order with respect to a period which is prior to the period of twelve (12) weeks which ends with the beginning of such workweek.

(Hereinafter, all references to Code sections shall be considered as Mississippi Code Annotated unless specifically identified otherwise.)

A literal reading of both § 85–3–1(1)(a) and § 85–3–4 indicates that wages, *subject to a writ of garnishment,* can be claimed as exempt property only for a period of thirty days from the date of the writ of garnishment. Thereafter, a specified percentage of the debtor's wages are subject to being withheld to satisfy the garnishment. As such, § 85–3–4 protects the balance of the wages which can be paid over to the debtor. The effect of both sections is to prohibit the debtor from claiming an exemption in those wages which are subject to being withheld and paid over to a garnishing creditor.

The exclusion from § 85–3–1(1)(a) of wages described in § 85–3–4 implies, however, that the drafters of these two Code sections contemplated that wages would, in fact, be considered as tangible personal property. This Court concurs.

## V.

Insofar as this proceeding is concerned, the debtor's wages were withheld pursuant to an invalid garnishment, which should have been terminated at the time that the judgment in favor of First United Bank expired. Technically, these wages should have been timely paid over to the debtor. One must remember that all wages are not excluded from the provisions of § 85–3–1(1)(a), only those wages described in § 85–3–4. It is the opinion of this Court

that wages, not subject to a garnishment as contemplated in § 85–3–4, would necessarily be included within the protective ambit of § 85–3–1(1)(a). As such, since the debtor's employer wrongfully withheld portions of his wages after November 4, 1987, these monies, which the Court finds to be tangible personal property, can be claimed by the debtor as exempt provided they do not exceed the $10,000.00 statutory limitation when considered along with the debtor's other tangible personal property exemption claims.

## VI.

Since the debtor is eligible to claim an exemption in the aforesaid wages, as of the date of the filing of his bankruptcy petition, the avoidance powers and rights of the trustee as set forth in 11 U.S.C. § 544(a) are inapplicable.

The debtor's employer, Taylor Machine Works, shall be directed to pay over to the debtor all wages withheld subsequent to November 4, 1987, provided that said withholdings do not exceed the sum of $10,000.00, when considered together with the value of other tangible personal property exemptions claimed by the debtor. The counter-claim filed by the trustee objecting to the debtor's claim of exemption as to these withheld wages shall be overruled. The defendant, First United Bank, shall be entitled to retain all wages withheld from the debtor's salary prior to November 4, 1987.

An Order will be entered consistent with this Opinion.