**In re Herman HAYNES, Appellee,**

v.

**FIRST UNITED BANK OF MISSISSIP-PI, Taylor Machine Works, Inc., and Jacob C. Pongetti, Trustee, Appellant.**

**and**

**Jacob C. PONGETTI, Trustee for the Estate of Herman Haynes, Appellant,**

v.

**Herman HAYNES, Appellee.**

**Nos. EC89–123–B–D, EC89–124–B–D.**

United States District Court, N.D. Mississippi, E.D.

Oct. 18, 1991.

Jacob C. Pongetti, trustee, Columbus, Miss., Charles P. Quarterman, Miss., David T. Wilson, Meridian, Miss., for appellants.

Lawrence E. Young, West Point, Miss., for appellee.

**MEMORANDUM OPINION**

BIGGERS, District Judge.

This action consists of two appeals from the United States Bankruptcy Court for the Northern District of Mississippi, which were consolidated by order of this court on June 23, 1989. The trustee of the estate of Herman Haynes, Jr. appeals the judgment of the bankruptcy court which ruled that the debtor was entitled to claim an exemption in wages wrongfully withheld after the expiration of the underlying judgment, holding such wages to be "tangible personal property" within the meaning of Miss. Code Ann. § 85–3–1(1)(a). Also pending before the court is the Appellee Debtor's motion to dismiss the appeal as moot. After consideration of the record on appeal and the briefs of the parties, the court is prepared to rule.

## I. FACTS

On March 4, 1980, a default judgment was entered against Herman Haynes, Jr., whereby First United Bank was to recover the sum of $13,052.84 plus 8% interest and attorney fees in the amount of $2,600.00. On August 30, 1985, a writ of garnishment and notice to garnishee was served on Taylor Machine Works, the debtor's employer, which began making the required withholdings. First United Bank failed to renew and re-enroll its judgment by filing suit for the balance due before expiration of the seven (7) year limitation period, as required by Miss.Code Ann. § 15–1–47 (1972), and as a result, the default judgment and writ of garnishment had no effect after November 4, 1987, seven years having then elapsed. Taylor Machine Works, however, continued to withhold the wages pursuant to the now invalid writ of garnishment and judgment.

On June 2, 1988, Herman Haynes filed a Chapter 13 voluntary bankruptcy petition in bankruptcy court, which was converted to a chapter 7 on June 15, 1988. On June 22, 1988, Taylor Machine Works filed its application to pay garnishment. Taylor had collected $2,369.80 since July, 1987 and $748.38 within 90 days of the filing of the debtor's petition. The debtor filed a complaint to recover the garnished wages claiming they were exempt under § 85–3–1(1)(a). First United Bank and the bankruptcy trustee also claimed the wages. The bankruptcy court after hearing these motions ordered Taylor Machine Works to pay over to the debtor wages withheld after November 4, 1987, holding such wages to be "tangible personal property" within the meaning of § 85–3–1(1)(a), and therefore exempt from the claims of First United Bank and the bankruptcy trustee. 95 B.R. 44. This appeal followed. Thus, the issue on appeal simply stated is:

Are wages wrongfully withheld on an expired judgment and still in the hands of the employer of the debtor exempt as "tangible personal property" under Miss. Code Ann. § 85–3–1(1)(a) as amended?

## II. LAW

Miss.Code Ann. Section 85–3–1(1)(a) states as follows:

(1) There shall be exempt from seizure under execution or attachment:

(a) Tangible personal property of any kind, not exceeding Ten Thousand Dollars ($10,000.00) in value, which shall be selected by the debtor; provided, however, this paragraph shall not apply to distress warrants issued for collection of taxes due the state or to wages described in Section 85–3–4.

Miss.Code Ann. Section 85–3–4 states in relevant part:

(1) The wages, salaries or other compensation of laborers or employees, residents of this state, shall be exempt from seizure under attachment, execution or garnishment for a period of thirty (30) days from the date of service of any writ of attachment, execution or garnishment.

Section 85–3–4, Miss.Code Ann. (1972) as amended.

The statute thereafter sets forth the percentages subject to attachment, execution or garnishment after expiration of thirty days and is not relevant to the issue on appeal. The bankruptcy judge reasoned that section 85–3–1(1)(a) only excluded wages described in section 85–3–4, and since technically these wages should have been paid over to the debtor after the expiration of the judgment, they are protected by § 85–3–1(1)(a). The judge determined that "[t]he exclusion from § 85–3–1(1)(a) of wages described in § 85–3–4 implies ... that the drafters of these two code sections contemplated that wages would in fact be considered as tangible personal property."

The bankruptcy trustee asserts that the wages held prior to the expiration of the judgment constitute intangible personal property,[1] and argues that the service of

---

1. The trustee cites to section 89–12–3(f), Miss. Code Ann. (1972) as amended, in support for this argument. For reference purposes, Section 89–12–3(f)(i) and (ii) of the Uniform Disposition

of Unclaimed Property Act defines "intangible personal property" as:

(i) Monies, checks, drafts, deposits, interest, dividends, and income;

the garnishment did no more than vest in the employer, Taylor Machine Works, special title as custodian for the Circuit Court of Winston County, Mississippi, and divested title of the debtor in such wages. The debtor did not hold legal title to the funds, which he argues are intangible assets in the first instance, but only an interest in them. Upon expiration of the legal validity of the garnishment, that interest became a right in action, which is also, as such, "intangible property" not included within the protection of section 85–3–1(1)(a).

## DISCUSSION

This court has found no case interpreting "tangible personal property" under the Mississippi exemption statutes. While the bankruptcy judge construed the exemption statute to include the wages at issue, the bankruptcy trustee in turn urges this court to construe § 85–1–3 to exclude them. It is the opinion of this court, however, that the classification of the rights of the respective parties after expiration of the legal validity of First National Bank's enrolled judgment renders statutory construction unnecessary.

According to Mississippi Code Annotated § 15–1–43 (1972), after seven years a judgment lien lapses. Unless suit was brought before the end of such period, once the statute of limitations ran, First National Bank, the judgment creditor, had no valid claim to the wages at issue. *Grace v. Pierce*, 127 Miss. 831, 90 So. 590 (1921). It is the opinion of the court that from November 4, 1987, until the bankruptcy petition was filed, such wages wrongfully withheld ripened into a right of action against Taylor Machine Works, the debtor's employer, to recover this sum. See *Anderson–Tully Co. v. Brown*, 383 So.2d 1389 (Miss.1980) (judgment debtor's employer held liable to judgment debtor for all funds withheld from debtor's wages after seven-year limitations statute had run

(ii) Credit balances, customer overpayments, gift certificates, security deposits, refunds, credit memos, unpaid wages, unused airline tickets, and unidentified remittances.

2. Rule 8005 simply sets forth the power of the bankruptcy court to stay the judgment pending

against judgment). A right or chose of action under Mississippi law is an intangible personal property right. *Bryan v. Henderson Supply Co.*, 107 Miss. 255, 65 So. 242 (1914).

When the debtor filed his bankruptcy petition, the funds withheld from November 4, 1987 to June 2, 1988, became the property of the debtor's estate under 11 U.S.C. § 541. Further, under 11 U.S.C. § 544, the trustee in bankruptcy became at that time, a lien creditor with regards to the debtor's estate. The trustee has a lien granted by law which grows out of the relations of the parties and cannot be defeated by the classification of the wages alone as "tangible" or "intangible" personal property. It is the rights of the parties which govern the determination of this dispute. Therefore, it is the opinion of the court that the debtor's interest in the wages wrongfully withheld after the expiration of First National Bank's judgment and still in the hands of the debtor's employer, Taylor Machine Works, was that of a claim to such wages in law or a right of action to recover the funds and, as such, not exemptible under section 85–1–3(1)(a).

Finally, this court is urged by counsel for the debtor/appellee that this appeal should be dismissed as moot in that the trustee did not move to stay or otherwise enjoin the effectiveness of the order of the bankruptcy judge, as provided for by Bankruptcy Rule 8005. The debtor was discharged on October 21, 1988, and provides the court with an affidavit stating that the funds were received from his employer pursuant to the court's order and have since been expended. Appellee relies upon several cases all of which concern action of a character which cannot be reversed on appeal and are not applicable here. Bankruptcy Rule 8005 does not require the trustee to seek a stay to preserve his rights on appeal.[2] The facts of the case

appeal and in general the procedure applicable to such requests. Request for such relief is not mandatory. To the extent that the appellate court cannot grant the relief requested after the prevailing party at the lower court level has

at bar do not justify departure from the general rule that a party need not seek a stay of the lower court's judgment to preserve those rights on appeal. *See American Grain Ass'n v. Lee-Vac Ltd.*, 630 F.2d 245 (5th Cir.1980). All parties were represented by counsel throughout these proceedings. Payment of the funds to the debtor can be recovered. This appeal is not moot.

The general rule in Mississippi is that the garnishee acts as a stakeholder and "must not voluntarily do anything to prejudice the parties and may not, except at his own peril, transfer the property or make a voluntary payment." *State Farm Mutual Automobile Ins. Co. v. Sampson*, 324 So.2d 739, 743 (Miss.1979). There is no indication from the record that Taylor Machine Works did not fulfill its statutory duties with regard to payment of the wrongfully withheld funds. The garnishee filed its application to pay garnishment upon the filing of bankruptcy by the debtor. Further, the garnishee could not be said to have voluntarily acted to the prejudice of the trustee insomuch as it acted under court order. However, this cause will be remanded for determination of the respective rights and obligations as between the debtor and the garnishee, Taylor Machine Works, with regard to the trustee's recovery of the funds held exempt by the bankruptcy court.

### CONCLUSION

It is the opinion of the court that section 85–3–1(1)(a) does not exempt wages wrongfully withheld on an expired judgment and the decision of the bankruptcy judge should be reversed. Further, the court finds that the motion of the appellee to dismiss the appeal is without merit and will be overruled.

An order will issue accordingly.

treated the judgment as final, such a request is        advisable.