**In re Mitchell BATTROS, Debtor.**

**Stacy BATTROS, Appellant,**

v.

**John Patrick LOWE, Trustee, Appellee.**

**No. SA–92–CA–0587.**

United States District Court,
W.D. Texas,
San Antonio Division.

June 1, 1994.

Martin Warren Seidler, San Antonio, TX, for appellant Stacy Battros.

Joel H. Klein, Smith, Barshop, Stoffer & Millsap, Inc., San Antonio, TX, for appellee John Patrick Lowe, Trustee.

*ORDER*

BIERY, District Judge.

The Court has considered the status of the above-styled and numbered cause and appellee's motion to dismiss appeal as moot. According to appellee's motion, the real property at issue in this appeal was sold on May 24, 1993, and the proceeds of the sale were distributed to the creditors of the debtor,

Mitchell Battros, pursuant to a separate order of distribution entered by the bankruptcy court. Further review of the record indicates that appellant requested a stay pending appeal from the bankruptcy court in September of 1992, but the request was denied. Appellant did not ask this Court for a stay pending appeal, and no stay was ever granted.

█ Had the appellant obtained a stay pending appeal, this Court would have been able to grant adequate relief. However, if a debtor neglects to obtain a stay and the property at issue is sold, the district court ordinarily is unable to grant any relief, and the appeal will be moot. *Matter of Sullivan Cent. Plaza, I, Ltd., v. BancBoston Real Estate Capital Corp.*, 914 F.2d 731, 733 (5th Cir.1990). Recognizing this principle, appellant filed a motion to supplement the relief requested in her brief on November 16, 1993. Appellant requested that she be awarded the proceeds generated from the sale of the ranch by the appellee, bankruptcy trustee, who had control over those proceeds and who was a party to the suit. The trustee responded by informing this Court that the proceeds of the sale of the real property had been distributed to the creditors of Mitchell Battros.

█ Therefore, because the property has been sold and the proceeds distributed, this Court is no longer able to grant any relief. Unless an order of a bankruptcy judge or a district judge is stayed pending appeal, acts by the trustee in accordance with an order should not be subject to reversal. *American Grain Assoc. v. Lee–Vac, Ltd.*, 630 F.2d 245, 248 (5th Cir.1980). The relief sought by the appellant would cancel the rights granted to third parties pursuant to the bankruptcy court's orders. This Court is powerless to grant such relief. *Id.* Accordingly, it is ORDERED that the appeal is DISMISSED AS MOOT. This dismissal renders moot all the motions still pending in this matter. It is therefore ORDERED that any and all pending motions are denied as MOOT.