In re GIBRALTAR RESOURCES, INC., Debtor.

Scott Underwood ADAM, et al., Appellants,

v.

Carey D. EBERT, Trustee, Appellee.

Bankruptcy No. 393–37028–RCM–7.

Civil A. No. 3:96–CV–2930–G.

United States District Court, N.D. Texas, Dallas Division.

Aug. 1, 1997.

---

Patrick J. Neligan, Jr., James Robert Arnett, II, Neligan & Averch, Dallas, TX, for appellants.

Beverly Eileen Landis, Hutcheson & Grundy, Dallas, TX, for appellee.

### MEMORANDUM ORDER

FISH, District Judge.

This is an appeal from an order of the bankruptcy court approving the trustee's application to sell the debtor's working interest in an oil and gas well free and clear of liens, claims and encumbrances. For the reasons stated below, the appeal is dismissed as moot.

## I. BACKGROUND

This bankruptcy proceeding was commenced on October 12, 1993 by an involuntary petition under Chapter 7. In due course an order for relief was entered and a trustee appointed.

At the time of the bankruptcy, the debtor asserted a 62.5% working interest in an oil and gas well known as the Hannusch No. 1. The debtor's asserted interest was being challenged in a state court lawsuit in Fayette County, Texas, and it became the subject of a bankruptcy court adversary proceeding initiated in May 1995.

On May 1, 1996, the bankruptcy court approved a compromise and settlement agreement in the adversary proceeding. The settlement resulted in, among other things, the trustee securing for the estate a 58.5% working interest in the Hannusch well. No appeal was taken from the bankruptcy court's order approving the settlement.

Approximately one month later, the present appellants instituted an adversary proceeding against the trustee and others seeking a declaratory judgment that they own the subject working interest in the Hannusch well. Two months thereafter, the trustee sought authority from the bankruptcy court to sell the estate's 58.5% working interest in the Hannusch well to the highest bidder at public auction. Upon objection by the appellants, the bankruptcy court, after a hearing, entered an order granting the trustee, for the most part, the relief she sought. This appeal followed.

## II. ANALYSIS

It appears that the estate's working interest in the Hannusch well has been sold to a third party, pursuant to the order of the bankruptcy court from which this appeal is taken, and that the sale has been consummated. *See* Appellant's Supplement to Record on Appeal at Tabs I and 2. Under these circumstances, 11 U.S.C. § 363(m) precludes this court from undoing the sale. *Matter of Gilchrist,* 891 F.2d 559, 560 (5th Cir.1990). Since the court cannot grant appellants that relief, *Matter of Bleaufontaine, Inc.,* 634 F.2d 1383, 1390 (5th Cir.1981), and since it is not apparent that any other relief would be effective to redress their complaints, the appeal must be dismissed as moot. *American Grain Association v. Lee–Vac, Ltd.,* 630 F.2d 245, 247 (5th Cir.1980) (action taken pursuant to the judgment appealed from may, in the absence of a stay, render the appellate court powerless to grant the relief requested by the appellant; in that event, the appeal will be dismissed as moot) (citing 9 J. MOORE, FEDERAL PRACTICE ¶ 208.03 at 8–9 (2d ed.1979)); *Bleaufontaine,* 634 F.2d at 1390 n. 14 (same).

## III. CONCLUSION

The appeal is dismissed as moot.

**SO ORDERED.**