## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 99-40208
USDC No. 98-CV-299
Summary Calendar

_____

DANIS TUCKER,

Appellant,

versus

FIRST COMMERCIAL BANK NA; MONTERREY,
INC; and MICHAEL DAVID BOUDLOCHE,

Appellees.

Appeal from the United States District Court
for the Southern District of Texas

January 4, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Danis Tucker ("Tucker") appeals the district court's dismissal of his appeal from a bankruptcy court order approving the sale of real property that he claims is exempt from the bankruptcy estate. We affirm.

During Chapter 7 bankruptcy proceedings, debtor Tucker claimed a spice packaging plant located at Interstate Highway 37 (the "I-37 Property") as exempt homestead property pursuant to 11 U.S.C. § 522(b). The bankruptcy court denied Tucker's homestead claim, and that claim is currently on appeal in this court (the "Homestead Appeal").

The present appeal arises out of the disposition of the I-37 Property as an asset of Tucker's estate. Chapter 7 Trustee Michael David Boudloche ("Boudloche") obtained the approval of the

_____

   [*]   Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

bankruptcy court (the "bankruptcy court order") to enter into a contract granting Monterrey, Inc. ("Monterrey") the right to lease the I-37 Property with an option to purchase. After the contract was executed, Monterrey began paying Boudloche (as trustee) monthly rent on the I-37 Property. Monterrey has not yet exercised its purchase option.

Tucker's subsequent motion to reconsider the bankruptcy court order was denied by the bankruptcy court. When Tucker appealed the denial to the district court, Boudloche moved to dismiss the appeal as moot. The district court[1]—after discerning at oral argument that the only remedy sought by Tucker was stay of a sale of the I-37 Propert y—dismissed the appeal as moot under § 363(m) of the Bankruptcy Code.

On appeal, Tucker contends that the district court erred in finding that his appeal was moot under § 363(m), and he requests that the sale of the I-37 Property be stayed pending a final determination in the Homestead Appeal. He also requests that the instant action be consolidated with the Homestead Appeal. We review the district court's factual findings for clear error. *See In re GGM,* 165 F.3d 1026, 1029 (5th Cir. 1999). The district court's legal conclusions are reviewed *de novo*. *See id.*

An appeal is properly dismissed as moot when an appellate court lacks the power to provide an effective remedy for an appellant even if the court were to find in the appellant's favor on the merits. *See In re Sullivan Century Plaza, I, Ltd.*, 914 F.2d 731, 735 (5th Cir. 1990). Section 363(m) of the Bankruptcy Code moots a bankruptcy appeal by removing the remedy when a sale authorized under § 363(b) or (c) has been made to a good faith purchaser. *See id.*, 914 F.2d at 734 n.9. Section 363(m) provides that:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or

---

[1] This case was initially before Judge Jack, who denied the motion to dismiss, finding that Tucker's appeal was not moot because the court could still adjudicate the disposition of the proceeds of the sale of the I-37 Property. The case was then transferred to Judge Head for oral argument. Judge Head dismissed the case as moot.

lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m). Under this section, if a debtor fails to obtain a stay pending appeal, an appellate court cannot affect the validity of a sale to good faith purchasers, but it can affect the distribution of the proceeds from that sale where those proceeds have not yet been distributed. *See BMG Music v. Martinez*, 74 F.3d 87, 89 n.3 (5th Cir. 1996) (finding that an appeal was not moot where a court's ruling affected the distribution of proceeds from a sale, but not the title held by bona fide purchasers of the sold property).

The issue before us is whether an option to purchase is considered a "sale or lease" under § 363(m).[2] Tucker argues that we should strictly construe § 363(m) as applying only to narrowly defined "sales" or "leases" and not to options. Boudloche contends that § 363(m) applies to the present lease with purchase option. He argues that under § 363(m), Tucker's failure to stay the present authorization renders his appeal moot under the Bankruptcy Code.

Section 363(m) reflects a policy favoring finality of judgments approving sales in bankruptcy involving good-faith purchasers. *See In re Joshua Slocum Ltd.*, 922 F.2d 1081, 1095 (3d Cir. 1990) ("The finality and reliability of the judicial sales enhance the value of the assets sold in bankruptcy.") (citation omitted). In *American Grain Ass'n v. Lee-Vac Ltd.*, 630 F.2d 245 (5th Cir., Unit A 1980), we recognized that "this policy concern is implicated not only when property is sold to a third party, but also when a lease or option is granted to a third party in reliance on an order of the bankruptcy court." *See id.* at 248. Accordingly, we held that "in the absence of a stay of a bankruptcy court's order affecting a debtor's property, a party appealing the order will not be heard to affect the rights of a third party who, pursuant to the order, acquired, in good faith, an option or lease on the

_____

[2] In the Statement of Issues section of his brief, Tucker purports to raise the question of "[w]hether the lower courts erred in approving the sale of the I-37 property by virtue of a lease with an option to purchase when Appellant has perfected his appeal of the lower court orders denying his claim that this property was his rural homestead." Tucker did not raise this issue before the district court. Furthermore, Tucker fails to develop this argument in the body of his brief, and we therefore consider the argument abandoned. *See Justiss Oil Co. v. Kerr-McGee Refining Corp.*, 75 F.3d 1057, 1067 (5th Cir. 1996).

property." *American Grain Ass'n*, 630 F.2d at 248, *quoted in In re Slocum*, 922 F.2d at 1095; *see also In re Combined Metals Reduction Co.*, 557 F.2d 179 (9th Cir. 1977) (finding, under general principles of bankruptcy law, that appeal from order confirming leases and options was moot where order of bankruptcy court had not been stayed pending appeal).

The same principles apply to the instant case. Here, Tucker was unable to obtain a stay of the option sale of the I-37 Property pending appeal from either the bankruptcy court or the district court. In the interim, good faith purchaser Monterrey paid consideration to lease the I-37 and to acquire an option to purchase. Under § 363(m), we do not have to power to grant the only remedy sought by Tucker—stay of the sale of the I-37 Property. Such a stay would clearly "affect the rights of" third party Monterrey. Accordingly, the appeal is moot.

For the reasons stated above, the judgment of the district court is AFFIRMED. We DENY, as moot, Tucker's motion to consolidate this appeal with the Homestead Appeal.