**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 94-11046
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

SOLAH KASSEM ABOU-KASSEM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
(4:87 CR 14 E)
_____
August 4, 1995

Before DAVIS, JONES, Circuit Judges, and HINOJOSA[1], District Judge.

PER CURIAM:[2]

Abou-Kassem appeals the dismissal of his § 2255 petition.  We dismiss the appeal as moot.

In November 1987, a jury convicted Abou-Kassem of two counts of hostage taking, two counts of attempted air piracy, one count of unlawful possession of a firearm by an illegal alien, and four counts of using a firearm in a crime of violence.  Before trial, the district court granted Abou-Kassem's request for a competency

---

[1] District Judge of the Southern District of Texas, sitting by designation.

[2] Local Rule 47.5 provides:  "The publication  of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense  on  the  public  and  burdens  on  the  legal  profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

hearing and, following the hearing, declared him mentally competent to stand trial.

Before sentencing, Abou-Kassem requested another hearing to assess his mental condition pursuant to 18 U.S.C. §§ 4244 and 4257. The district court granted his request and determined that Abou-Kassem suffered from a mental condition requiring treatment. Pursuant to § 4244, the district court committed him to a federal mental facility under a provisional sentence of life plus forty years. Abou-Kassem then filed a § 2255 petition challenging his provisional sentence. He filed the instant appeal when the district court denied his petition. After Abou-Kassem filed his notice of appeal, however, the district court determined that he was competent to be sentenced and imposed a final sentence. Abou-Kassem subsequently filed a direct appeal from his final sentence.

Abou-Kassem's provisional sentence was terminated when the district court issued its final sentence. Because of the termination of his provisional sentence, we can no longer grant him the relief he seeks in his § 2255 petition. His appeal of the district court's denial of his § 2255 petition is therefore moot. See In re Sullivan Cent. Plaza, I, Ltd., 914 F.2d 731, 733-34 (5th Cir. 1990)("The mootness doctrine is grounded primarily and originally in the appellate court's inability to fashion relief."). Accordingly, we dismiss his appeal.

APPEAL DISMISSED.