70 F.3d 123
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James Ruphard SWITZER and Teresa L. Switzer, Debtors.
JIM WALTERS HOMES, INC., Appellant,
v.
James Ruphard SWITZER and Teresa L. Switzer, Appellees.
 No. 95-6081.
 United States Court of Appeals, Tenth Circuit.
 Nov. 14, 1995.
 
 1
 Before MOORE, BARRETT, and WEIS,** Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Jim Walters Homes, Inc. (JWH), a secured creditor in a Chapter 13 bankruptcy case filed by debtors James Ruphard Switzer, Jr. and Teresa Louise Switzer (Switzers), appeals the bankruptcy court's order confirming the Switzers' Chapter 13 plan of reorganization. JWH contends the bankruptcy court erred in not allowing a claim for its attorney fees as part of the plan. We conclude the appeal is moot.
 
 
 4
 Switzers filed a Chapter 13 bankruptcy petition with a plan. JWH held a first mortgage on the Switzers' principal residence. JWH filed a secured proof of claim, which included a claim for its attorney fees. The bankruptcy court denied JWH's attorney fees claim and confirmed Switzers' plan. JWH appealed the denial of attorney fees to the district court, which affirmed the denial. JWH then filed a notice of appeal to this court.
 
 
 5
 After the district court's final order was entered, Switzers converted their Chapter 13 bankruptcy case to a Chapter 7 bankruptcy case. Letter from Kenneth C. McCoy, Appellees' Counsel, to Court Clerk (April 25, 1995). They surrendered their home to JWH, which was sold at a sheriff's sale. Id. Debtor James Ruphard Switzer's bankruptcy case was discharged, although Teresa Louise Switzer has not been discharged because she was previously granted a discharge in a bankruptcy case filed within six years of this case. Id.
 
 
 6
 Switzers contend the appeal is now moot. Id. JWH responds that this court should consider its appeal on the basis that the issue raised is "capable of repetition, yet evading review." See Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 602-03 (1982).
 
 
 7
 An appeal should be dismissed as moot when an appellate court cannot fashion effective relief due to events that occurred while the appeal was pending. Osborn v. Duran Bank & Trust Co. (In re Osborn), 24 F.3d 1199, 1203 (10th Cir.1994). The mootness doctrine applies whenever effective relief is precluded by the sale of the debtor's property. Thompkins v. Frey (In re Bel Air Assocs., Ltd.), 706 F.2d 301, 305 n. 10 (10th Cir.1983).
 
 
 8
 This appeal should be dismissed for mootness. Switzers' surrender of their collateral to JWH and its subsequent sale render it impossible for this court to grant any measure of effective relief. "[A] federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.' " Church of Scientology v. United States, --- U.S. ----, ----, 113 S.Ct. 447, 449 (1992)(quoting Mills v. Green, 159 U.S. 651, 653 (1895)). The attorney fees issue raised by Appellant is certainly capable of review should it arise again in other cases.
 
 
 9
 The appeal is DISMISSED.
 
 
 
 **
 Honorable Joseph F. Weis, Jr., Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470