**In re EGBERT DEVELOPMENT, LLC, Limited Liability Company, Debtor.**

**EGBERT DEVELOPMENT, LLC, Appellant,**

v.

**COMMUNITY FIRST NATIONAL BANK, Appellee.**

**BAP No. WY–97–090.**

**Bankruptcy No. 97–20672.**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

April 2, 1998.

---

Georg Jensen, Cheyenne, WY, for appellant.

John C. Patton, Patton & Davidson, Cheyenne, WY, for appellee.

Before CLARK, PEARSON, and CORNISH, Bankruptcy Judges.

ORDER GRANTING MOTION FOR SUMMARY DISPOSITION FOR MOOTNESS AND DISMISSING APPEAL

CLARK, Bankruptcy Judge.

The matter before the Court is a Motion for Summary Disposition for Mootness ("Motion"), filed by Community First National Bank ("Appellee"), seeking an order dismissing the above-captioned appeal. The Appellee contends that this appeal, from an order of the United States Bankruptcy Court for the District of Wyoming granting the Appellee relief from the automatic stay to foreclose on certain real property, is moot because the Appellant, the chapter 11 debtor ("Debtor"), failed to obtain a stay pending appeal and the property has been sold at a foreclosure sale. The Debtor responds that the appeal is not moot because it has a right to redeem the property under Wyoming law. For the reasons set forth below, ·the Court hereby

GRANTS the Motion and DISMISSES this appeal.

## I. Background

It is undisputed that, after the Debtor filed for relief under chapter 11 of the Bankruptcy Code, the bankruptcy court entered an Order Modifying Stay (the "Relief Order") terminating the automatic stay under 11 U.S.C. § 362(d) to allow the Appellant to foreclose on real property located in Wyoming that secured the Appellant's lien against the Debtor. *See* Appellee's Appendix, Order Modifying Stay. The Debtor filed a notice of appeal from the Relief Order, commencing this appeal. However, the Debtor did not seek a stay pending appeal. *See* Fed. R. Bankr.P. 8005; 10th Cir. BAP L.R. 8005–1. Relying on the Relief Order, the Appellee moved forward with its foreclosure proceedings and, on January 21, 1998, the property was sold to the Appellee at a foreclosure sale. Appellee's Appendix, Sheriff's Certificate of Purchase at Foreclosure Sale, p. 1. The Appellee recorded its Sheriff's Certificate on that same day. Appellee's Appendix, Sheriff's Certificate of Purchase at Foreclosure Sale, p. 1. According to the Sheriff's Certificate, the Debtor has twelve months and thirty days from the date of the foreclosure sale to redeem the property. *See id.*; Movant's Memorandum in Support of Motion for Summary Disposition for Mootness, Exhibit, Wyo. Stat. Ann. § 1–18–103(b) (debtor has 12 months to redeem "agricultural property").

## II. Discussion

■ The Court has an obligation to satisfy itself that it has jurisdiction to hear this appeal. *Arizonans for Official English v. Arizona*, 520 U.S. 43, ——, 117 S.Ct. 1055, 1071, 137 L.Ed.2d 170 (1997). In addition to determining whether an order is "final" as required under 28 U.S.C. § 158(a)(1), or an interlocutory order that is proper for review under 28 U.S.C. § 158(a)(2)-(3), we must be sure that the appeal is not moot. *See* U.S. Const., Art. III, § 2, cl. 1. " '[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.' " *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379,

1383, 59 L.Ed.2d 642 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 1950–51, 23 L.Ed.2d 491 (1969)). A controversy is no longer "live" if the reviewing court is incapable of rendering effective relief or restoring the parties to their original position. *Mills v. Green*, 159 U.S. 651, 653, 16 S.Ct. 132, 132–33, 40 L.Ed. 293 (1895); *see Church of Scientology v. United States*, 506 U.S. 9, 12, 113 S.Ct. 447, 449–50, 121 L.Ed.2d 313 (1992); *Osborn v. Durant Bank & Trust Co. (In re Osborn)*, 24 F.3d 1199, 1203 (10th Cir.1994). "For that reason, if an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed." *Osborn*, 24 F.3d at 1203 (quoting *Church of Scientology*, 506 U.S. at 12, 113 S.Ct. at 449–50 (quoting *Mills*, 159 U.S. at 653, 16 S.Ct. at 132–33)).

■ It is well established that an appeal will be dismissed as moot if a debtor fails to obtain a stay pending appeal of a bankruptcy court order granting relief from the automatic stay and the moving creditor subsequently conducts a foreclosure sale, as the appellate court cannot grant any effective relief. *See, e.g., Farmers Bank v. Kittay (In re March)*, 988 F.2d 498, 499 (4th Cir.), *cert. denied*, 510 U.S. 864, 114 S.Ct. 182, 126 L.Ed.2d 141 (1993); *Oakville Dev. Corp. v. FDIC*, 986 F.2d 611, 613–15 (1st Cir.1993); *Sullivan Central Plaza I, Ltd. v. BancBoston Real Estate Capital Corp. (In re Sullivan Central Plaza, I, Ltd.)*, 914 F.2d 731, 733 (5th Cir. 1990); *Lashley v. First Nat'l Bank (In re Lashley)*, 825 F.2d 362, 364 (11th Cir.1987), *cert. denied*, 484 U.S. 1075, 108 S.Ct. 1051, 98 L.Ed.2d 1013 (1988); *Van Iperen v. Production Credit Ass'n (In re Van Iperen)*, 819 F.2d 189, 191 (8th Cir.1987); *Hope v. General Fin. Corp. (In re Kahihikolo)*, 807 F.2d 1540, 1542 (11th Cir.1987) (collecting cases); *Algeran, Inc. v. Advance Ross Corp.*, 759 F.2d 1421, 1423–25 (9th Cir.1985); *West End Assocs., L.P. v. Sea Green Equities*, 166 B.R. 572, 575 (D.N.J.1994); *see also In re Highway Truck Drivers & Helpers Local Union # 107*, 888 F.2d 293, 298 (3rd Cir.1989). This rule is " 'intended to provide finality to orders of bankruptcy courts and to protect the

integrity of the judicial sale process upon which good faith purchasers rely.'" *Lashley*, 825 F.2d at 364 (quoting *Markstein v. Massey Assoc. Ltd.*, 763 F.2d 1325, 1327 (11th Cir.1985)). More importantly, it serves to insure the integrity of judicial mootness doctrines "that the occurrence of events which prevent an appellate court from granting effective relief renders an appeal moot." *Algeran*, 759 F.2d at 1424, *quoted in Onouli–Kona Land Co. v. Estate of Richards (In re Onouli–Kona Land Co.)*, 846 F.2d 1170, 1172 (9th Cir.1988); *see Sullivan Central Plaza*, 914 F.2d at 733–34 & n. 7.

█ The Tenth Circuit has not published an opinion on the issue before this Court. *But see Coones v. Mutual Life Ins. Co. (In re Coones)*, 56 F.3d 77, 1995 WL 316153, at *3 (10th Cir.1995) (table) ("'The classic example of mootness in the bankruptcy context is a case in which the debtor has failed to seek a stay of foreclosure and the debtor's property has been sold.'" (quoting *Baker & Drake, Inc. v. Public Serv. Comm'n (In re Baker & Drake, Inc.)*, 35 F.3d 1348, 1351 (9th Cir. 1994))); *see also Pueblo Bank & Trust Co. v. Steele*, 110 F.3d 74, 1997 WL 153777, at *5 (10th Cir.1997) (table) (issue of whether district court applied the appropriate redemption period in a mortgage foreclosure action was moot as appellant's did not obtain a stay pending appeal and a third party redeemed the property within the redemption period held applicable by the district court); *Jim Walters Homes, Inc. v. Switzer (In re Switzer)*, 70 F.3d 123, 1995 WL 675509, at *1 (10th Cir.1995) (table) (creditor's appeal from order denying attorney's fees was dismissed as moot because after filing its notice of appeal, the property securing the creditor's lien was surrendered to it and sold at foreclosure sale). In the absence of binding precedent, we find that rule should apply. Because of the Debtor's failure to obtain a stay pending appeal, the Appellee was entitled to treat the Relief Order as a final order and take action in reliance upon that Order. This Court is powerless to rescind the foreclosure sale on appeal, and reinstatement of the stay would be meaningless. Since this Court would be unable to grant any effective relief even if we were to reverse the bankruptcy

court's Relief Order, we conclude that the appeal is moot.

We note that the Ninth Circuit has "carved out a narrow exception" to the general rule that a foreclosure sale moots an appeal of an order lifting the automatic stay absent a stay pending appeal, "where real property is sold to a creditor who is a party to the appeal." *Sun Valley Ranches, Inc. v. Equitable Life Ass. Soc'y of the United States (In re Sun Valley Ranches, Inc.)*, 823 F.2d 1373, 1375 (9th Cir.1987). In that case, the court stated that under such circumstances it is "'not ... impossible for the Court to fashion some sort of relief.'" *Id.* (quoting *Matter of Springpark Assoc.*, 623 F.2d 1377 (9th Cir.), *cert. denied*, 449 U.S. 956, 101 S.Ct. 364, 66 L.Ed.2d 221 (1980)). The court went on to explain that:

This exception to the rule is especially appropriate here, where the foreclosure sale is subject to statutory rights of redemption.... Based on equitable principles, redemption has long provided a means for reversing sales of real property. Where, as here, the creditor-purchaser is before the court, the court could exercise similar equitable principles and reverse the sale. We decline to follow the Eleventh Circuit's contrary position. *See In re Matos*, 790 F.2d 864, 866 (11th Cir.1986); *In re Sewanee Land, Coal & Cattle, Inc.*, 735 F.2d 1294, 1296 (11th Cir.1984).

*Id.*; *accord Onouli–Kona Land Co.*, 846 F.2d at 1172–73 (reaffirming *Sun Valley*); *see Sullivan Center Plaza*, 914 F.2d at 734; *but see Oakville Dev. Corp.*, 986 F.2d at 615. The Debtor essentially argues that this exception applies, claiming that this appeal is not moot because it has a right to redeem the property that was sold at the foreclosure sale from the Appellee.

We reject both the Debtor's argument and the holding in *Sun Valley*. The court in *Sun Valley* bases its ability to afford relief, *i.e.*, setting aside a foreclosure sale, on redemption rights or "equitable principles" similar to redemption rights. To the extent that the court in *Sun Valley* found that it could fashion a remedy based on "equitable principles," its rationale is contrary to the well-established rule that "the [property] rights of par-

ties to a bankruptcy proceeding are 'created and defined by state law.'" *Osborn,* 24 F.3d at 1203 (quoting *Butner v. United States,* 440 U.S. 48, 54–55, 99 S.Ct. 914, 917–18, 59 L.Ed.2d 136 (1979)). Absent a state law that would allow this Court to set aside the foreclosure sale, we are without power to create a remedy under "equitable principles."

As pointed out by the Debtor, Wyoming permits the unraveling of a foreclosure sale through redemption. Wyo. Stat. Ann. § 1–18–103. Yet, redemption is not accomplished by a court order. Rather, the Debtor must make the payment required under Wyo. Stat. Ann. § 1–18–103 within the time allowed therein. This right to redeem the property was not affected by the Debtor's bankruptcy case or the bankruptcy court's Relief Order, and neither this Court nor the bankruptcy court need be involved in any redemption of the property sold to the Appellee at the foreclosure sale. *See In re McCarn,* 218 B.R. 154 (10th Cir. BAP 1998). "Indeed, it is the lifting of the [automatic stay] and the consequent happening of the foreclosure that allows [the Debtor] to pursue its claimed redemptive rights." *Oakville Dev. Corp.,* 986 F.2d at 614. Thus, this Court cannot render any effective relief because the Debtor's right to redeem the property under Wyoming law is solely within its power.[1] As such, redemption rights should not form the basis for this Court's jurisdiction over this appeal from the Relief Order. *Id.*

Our rejection of *Sun Valley* and the Debtor's argument that its redemption rights save this appeal is especially compelling in light of the fact that we have held that bankruptcy does not expand a debtor's state-law right of redemption. *McCarn,* 218 B.R. 154. By basing our jurisdiction on the Debtor's right of redemption we would be required to dispose of an appeal within the redemption period, which can often be a very short period of time, or we would be impermissibly expanding redemption rights in bankruptcy. *See, e.g.,* Wyo. Stat. Ann. § 1–18–103(a) (debtor has three months from the foreclosure sale to redeem nonagricultural property); *255 Park Plaza Assocs. Ltd. Partnership v. Connecticut General Life Ins. Co. (In re 255 Park Plaza Assocs. Ltd. Partnership),* 100 F.3d 1214, 1218 (6th Cir.1996) (where redemption period had expired prior to disposition of appeal, redemption rights could not be asserted as a basis of jurisdiction). We would also be required to find that a debtor has a right of redemption and that it has the ability to exercise that right. In this case we have absolutely no record showing that the Debtor has the ability to exercise its right of redemption in accordance with Wyoming law. *See Oakville Dev. Corp.,* 986 F.2d at 615 (redemption rights cannot form the basis for appellate jurisdiction and a finding as to the appellant's right to redeem itself would be an impermissible advisory opinion).[2]

The parties cite *Tompkins v. Frey (In re Bel Air Assocs., Ltd.),* 706 F.2d 301 (10th Cir.1983). In *Bel Air,* the Tenth Circuit affirmed a district court's decision dismissing several appeals as moot under former Bankruptcy Rule 805 because the appellant, who was contesting the bankruptcy court's approval of a sale of property to a good faith purchaser, had failed to obtain a stay pending appeal. Former Bankruptcy Rule 805 provided, in pertinent part, as follows:

> Unless an order approving a sale of property or issuance of a certificate of indebtedness is stayed pending appeal, the sale to a good faith purchaser or the issuance of a certificate to a good faith holder shall not be affected by the reversal or modification of such order on appeal, whether or not

---

1. In *Sullivan Center Plaza,* the Fifth Circuit correctly stated that:
   [S]tate law provides the authority for the foreclosure sale, and the lifting of the automatic stay merely removes an impediment to a sale consummated pursuant to state law. The details of the foreclosure sale do not form the basis of the appeal from the lifting of the automatic stay; and, even if the appeal could be heard, these details would not be properly before the [appellate] court.

914 F.2d at 735. Curiously, in *Sullivan Center Plaza,* the Fifth Circuit indicated that a statutory right of redemption may provide the appellate court with a remedy.

2. If the Debtor has the ability to redeem the property, why would it appeal? The Debtor may unravel the sale outside of the appeal process by redeeming the property in accordance with Wyoming law.

the purchaser or holder knows of the pendency of the appeal.

Fed. R. Bankr.P. 805 (repealed). Although not expressly stated therein, this Rule was found to be applicable to foreclosure sales held after a creditor had obtained relief from the automatic stay. *See, e.g., Greylock Glen Corp. v. Community Sav. Bank,* 656 F.2d 1 (1st Cir.1981). In *dicta,* the Tenth Circuit in *Bel Air* indicated that the mootness principle in former Rule 805 was broad and applied to situations other than those addressed by it in that case, *i.e.,* an order approving the sale of property; perhaps even an order, such as the order in this case, granting relief from stay to conduct a foreclosure sale.[3] Yet, even if this *dicta* were controlling, *Bel Air* does not apply in this case because it is premised on former Rule 805 and that Rule no longer exists.

■ Former Bankruptcy Rule 805 has been codified, in part, in 11 U.S.C. § 363(m).[4] Section 363(m), as interpreted by the Tenth Circuit, *see generally Golfland Entertainment Ctrs., Inc. v. Peak Inv., Inc. (In re BCD Corp.),* 119 F.3d 852, 856–57 (10th Cir. 1997) and *Osborn,* 24 F.3d at 1203–1204, however, does not apply in the context of a state-law foreclosure sale conducted after a creditor has obtained relief from the automatic stay. Rather, the application of section 363(m) is limited, by its express terms, to sales of estate property under section 363(b) and (c). 11 U.S.C. § 363(m); *see, e.g., Sullivan Central Plaza,* 914 F.2d at 734–35; *Sewanee Land, Coal & Cattle, Inc. v. Lamb (In re Sewanee Land, Coal & Cattle, Inc.),* 735 F.2d 1294, 1296 n. 2 (11th Cir.1984); *West End Assocs.,* 166 B.R. at 577. Thus, to the extent that *Bel Air* survives by the codification of former Rule 805 in section 363(m), it has no application to this case, which involves a state-law foreclosure sale that took place as a result of an order granting relief from the stay under section 362(d). The absence of a statutory mootness provision in section 362, similar to section 363(m), does not prohibit the Court from dismissing this appeal as moot under the judicial mootness doctrines discussed above. *See Sullivan Center Plaza,* 914 F.2d at 735 (judicial mootness doctrine applies); *Highway Truck Drivers,* 888 F.2d at 297 (rejecting appellant's contention that it was not required to obtain a stay pending appeal because there was no express provision in the Bankruptcy Code requiring a party aggrieved by an order granting relief from the automatic stay to seek a stay pending appeal as there is in sections 363(m) and 364(e)); *Algeran,* 759 F.2d at 1423–24 (the Bankruptcy Code's failure to include a statutory mootness provision regarding all sales, not just those conducted under section 363, similar to a former bankruptcy rule, does not render judicial mootness doctrines inapplicable); *accord Onouli-Kona Land Co.,* 846 F.2d at 1172; *Sewanee Land,* 735 F.2d at 1295–96. Since this Court cannot fashion any effective relief, this appeal must be dismissed as it is moot.

### III.  *Conclusion*

For the reasons stated, the Appellee's Motion is GRANTED and the above-captioned appeal is hereby DISMISSED for lack of jurisdiction.

---

3.  In a footnote, the court in *Bel Air* indicated that former Bankruptcy Rule 805 may apply to orders granting relief from stay to conduct a foreclosure sale.  It stated:

> Our discussion above is phrased in terms of an appeal from an order approving the sale of property of the debtor, but the mootness principle derived from Fed. R. Bankr.P. 805 is actually much broader.  It extends to any appeal for which effective relief is precluded by the sale of the debtor's property. *See, e.g., In re Roberts Farms Inc.,* 652 F.2d 793 (9th Cir. 1981).

706 F.2d at 305 n. 10.

4.  Section 363(m) provides, in relevant part, that:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m); *see* 11 U.S.C. § 364(e) (the only other mootness provision in the Bankruptcy Code).