**FILED**

**U.S. Bankruptcy Appellate Panel
of the Tenth Circuit**

**March 20, 2015**

**Blaine F. Bates
Clerk**

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL

# OF THE TENTH CIRCUIT

| | |
|---|---|
| IN RE ROBERT M. LANE, also known as Bob Lane,<br><br>Debtor. | BAP No.　WY-14-053<br>BAP No.　WY-14-054 |
| ROBERT M. LANE,<br><br>　　　　Appellant,<br><br>　　v.<br><br>GARY A. BARNEY, Chapter 7 Trustee,<br><br>　　　　Appellee. | Bankr. No.　11-20398<br>　　Chapter　7<br><br>　　OPINION* |

Appeal from the United States Bankruptcy Court
for the District of Wyoming

Before THURMAN, Chief Judge, MICHAEL, and KARLIN, Bankruptcy Judges.

KARLIN, Bankruptcy Judge.

The Chapter 7 debtor Robert Lane (the "Debtor" or "Lane") appeals a bankruptcy court's order approving a motion to sell coins filed by the Chapter 7 trustee Gary Barney (the "Trustee") and an order striking Lane's objection to the sale. We dismiss the appeals because the completed sale has rendered Lane's request for relief moot.

---

\*    This unpublished opinion may be cited for its persuasive value, but is not precedential, except under the doctrines of law of the case, claim preclusion, and issue preclusion.  10th Cir. BAP L.R. 8026-6.

## I.  Background Facts

Lane filed his Chapter 7 bankruptcy in April 2011, commencing a series of battles with the Trustee over (among other things) asset sales, unscheduled and undisclosed property, and lawsuits by the Trustee against Lane, his family members, and family-controlled entities to revoke Lane's discharge and to recover assets for the benefit of the estate.  The parties reached a ceasefire in June 2013, when the Bankruptcy Court approved two global settlement agreements: one between the Trustee and Lane family members and family-controlled entities (the "Family Settlement Agreement"),[1] and one between the Trustee and Lane (the "Lane Settlement Agreement").[2]

Pursuant to the Lane Settlement Agreement, Lane was allowed to keep many assets,[3] including a collection of "numismatic" coins.[4]  That Settlement Agreement also verified that a collection of "bullion coins" would be property of the estate.  Finally, in exchange for retaining significant assets and for being released from litigation–including an adversary proceeding by the Trustee to revoke Lane's discharge–Lane agreed to waive standing in the bankruptcy case,

---

[1]  [Family] *Settlement Agreement and Mutual Release*, Appellee's Appendix ("Trustee App.") at 36.

[2]  [Lane] *Settlement Agreement and Mutual Release*, Trustee App. at 453.

[3]  The Lane Settlement Agreement allowed Lane to retain pension assets valued in excess of $2.5 million, collectibles (books, wine, baseball memorabilia, numismatic coins), a fountain pen collection, valuable paintings, 3 automobiles, including a Mercedes Benz, all furnishings and personal property in two homes, the right to retain possession of and reside in those two homes in California and Wyoming pending the Trustee's sale of them, and to cap statutory Trustee fees. The agreements also required the Trustee to dismiss some avoidance actions against Lane family-controlled entities.  *Id.* at 456-59.

[4]  The Trustee has alleged that both bullion and numismatic coins were not disclosed by Lane on his bankruptcy schedules, and in fact were discovered by the Trustee or his agents "throughout the house" during an eviction at one of Lane's properties. *Trustee's Motion to Sell Estate's Interest in Bullion Coins Free and Clear*, Appellant's Appendix ("Lane App.") at 517-18.

including standing to object to all future asset sales proposed by the Trustee.[5]

After the Lane Settlement Agreement was reached, the Trustee filed a motion (the "Sale Motion")[6] in August 2014, seeking to sell coins to American Rare Coins and Collectibles, an entity to whom the Trustee had previously sold other coins after receiving Bankruptcy Court approval.  The Trustee alleged in the Sale Motion that he only wished to sell the bullion coins that remained estate property, and the motion made it abundantly clear that no numismatic coins[7] were to be sold as part of this Sale Motion.[8]  Lane objected, asserting that the coins were in reality numismatic coins, and that they thus belonged to him under the Lane Settlement Agreement.  Lane also argued that the proposed sale violated the rights of family-controlled entities, who he claimed had some interest in those coins.  The Trustee filed a motion to strike Lane's opposition, arguing that Lane

---

[5]    Lane Settlement Agreement, Trustee App. at 459-62.  Lane's waiver of standing to object was valuable to the Trustee and the estate, as Lane has filed numerous objections and other pleadings that have apparently slowed down asset sales and increased administrative costs for the estate.  *See, e.g.,* docket for Case No. 11-20398 ("Docket"), Lane's supplemental appendix ("Lane App. 2") at PDF pp. 23 (Docket No. 981–Opposition to Trustee's Motion to Sell Estate's Interest in Bullion Coins Free and Clear); 33 (Docket No. 889–Objection to Application for Writ of Execution for Possession of Real Property); 46 (No. 778–Objection to Trustee's Motion to Sell Wilson, Wyoming Property Free and Clear); 60 (Docket No. 650–Opposition to Trustee's Motion to Turnover Post-Petition Insurance Proceeds on Debtor's Post-Petition State Farm Insurance Coverages); 68 (Docket No. 589–Opposition to Proposed Sale of Art); 112 (Docket No. 229–Opposition to Proposed [Family] Settlement).

[6]    *Trustee's Motion to Sell Estate's Interest in Bullion Coins Free and Clear*, Lane App. at 517.

[7]    Testimony concerning a prior coin sale suggests numismatic coins are more valuable than bullion coins because the latter trade dollar for dollar in proportion to the value of their metal content while numismatic coins generally trade 20 percent or more over their metal content value. *[Partial] Transcript of Proceedings, January 16, 2014* ("January 2014 Transcript"), Trustee App. at 199, 206 (testimony of Trustee's expert on prior sale of coins).

[8]    The Sale Motion sought authority to sell the bankruptcy estate's interest in bullion coins to American Rare Coin.  Sale Motion, Lane App. at 519-20. Footnote 1 stated that "Trustee is <u>not</u> seeking to sell any of the Debtor's personal property, including any of the numismatic coins." *Id.* at 518 n.1 (emphasis in original).

had waived his standing to object to the sale when he signed the Lane Settlement Agreement.

In October 2014, the Bankruptcy Court entered an order striking Lane's opposition (the "Strike Order") and a separate order approving the sale (the "Sale Order").[9] The Sale Order expressly provided that the Trustee was authorized to sell only bullion coins—not numismatic coins.[10] Lane did not seek a stay of either order; instead he filed a "Request for Clarification" of the Sale Order, which the Trustee opposed. The Bankruptcy Court denied that request. Lane timely appealed both the Sale Order and Strike Order on October 16, 2014. The Trustee closed the sale of the coins to American Rare Coins on or about October 27, 2014, realizing $115,282.50 from the sale.

Lane argues on appeal that (a) he has standing to enforce his right to numismatic coins under the Lane Settlement Agreement; (b) the Bankruptcy Court is estopped from denying Lane standing to enforce the Lane Settlement Agreement when the court previously allowed him to enforce it; (c) the Bankruptcy Court erred in permitting the coin sale without a proper determination of whether the coins were bullion or numismatic; and (d) the Bankruptcy Court erred in approving the sale and in the process violated the rights of various third parties. Lane asks that we overturn the Sale Order and Strike Order. The Trustee argues that (a) Lane lacks standing to appeal the Strike Order and the Sale Order;

---

[9] *Order Granting Trustee's Motion to Strike Debtor's Opposition to Trustee's Motion to Sell Estate's Interest in Bullion Coins Free and Clear*, Lane App. at 595; *Order Granting Trustee's Motion to Sell Estate's Interest in Bullion Coins Free and Clear*, Lane App. at 596.

[10] The Bankruptcy Court made clear that the Trustee had authority to sell only bullion coins, making the point both in the caption of the order ("Order Granting Trustee's Motion to Sell Estate's Interest in *Bullion Coins* Free and Clear"), Lane App. at 596 (emphasis added), and in the body of the order ("The Motion seeks authorization to sell the bankruptcy estate's interest in <u>bullion coins</u> .... Trustee is not authorized to sell any *numismatic* coins."), *id.* (underlined emphasis in original; italicized emphasis added).

(b) the appeals are moot due to the sale closing; (c) the Bankruptcy Court committed no error in entering the Sale Order and the Strike Order; and (d) Lane's challenges to the Trustee's authority under the settlement agreements and settlement orders are barred by *res judicata*.

## II.   Jurisdiction

The Court must satisfy itself that it has jurisdiction to hear these appeals.[11] In addition to determining whether an order is final or is an appropriate interlocutory order under 28 U.S.C. § 158(a), we must be sure that the appeal is not moot.[12]  An appeal is moot when the issues are no longer "live" or when the parties lack a legally cognizable interest in the outcome.[13]  A controversy is no longer "live" if the appellate court is incapable of rendering effective relief or restoring the parties to their original position.[14]

The Trustee argues that Lane's appeals are both statutorily moot under 11 U.S.C. § 363(m) and equitably moot.  We need not decide whether Lane's appeals are equitably moot because they are statutorily moot under § 363(m).  Section 363(m) provides that reversal or modification on appeal of a bankruptcy sale order does not affect the validity of the sale to a good-faith purchaser unless the sale and the sale order were stayed pending the appeal.[15]  The sale to American Rare Coins has closed.  Lane did not seek a stay of the Sale Order or Strike Order, and he does not argue that American Rare Coins (a neutral third-party purchaser) is not a good-faith purchaser.  The only remaining issue is whether

---

[11]    *Egbert Dev., LLC v. Cmty. First Nat'l Bank (In re Egbert Dev., LLC)*, 219 B.R. 903, 905 (10th Cir. BAP 1998).

[12]    *Id.* (citing U.S. Const., art. III, § 2, cl. 1.)

[13]    *Id.*

[14]    *Id.*

[15]    11 U.S.C. § 363(m).

§ 363(m) permits the relief Lane seeks on appeal. It does not.

First, § 363(m) applies to both orders because the Sale Order depended in part on the Strike Order.[18] Second, the only relief Lane seeks is a reversal of the Sale Order and Strike Order.[19] Allowing such relief would frustrate § 363(m)'s purpose of promoting finality to bankruptcy sales, which helps protect creditors.[20] While we will attempt to "discern the kernel of the issues" presented by a pro se party on appeal,[21] we will not assume the role of advocate for that litigant.[22] Because the only relief requested by Lane would affect the validity of the coin sale, Lane's appeals are moot under § 363(m).

The Trustee also asserts that jurisdiction is lacking because Lane waived his standing in the case pursuant to the Lane Settlement Agreement. Lane argues, in contrast, that he has standing to contest the sale of numismatic coins. We need not decide that issue because the Sale Motion only sought the right to sell bullion coins,[23] and the Sale Order only granted the Trustee the right to sell bullion coins.[24]

---

[18] *In re C.W. Mining Co.*, 740 F.3d 548, 555 (10th Cir. 2014) (concluding that the effect of § 363(m) is not limited to appeals of sale order itself where sale order depends on other orders on appeal).

[19] *Appellant's Opening Brief* at 41 ("RELIEF SOUGHT . . . Debtor requests that the Bankruptcy Appellate Panel, as the appellate court, review the law and the factual evidence and overturn the lower court's orders to deny him standing and to sell the coins. The Appellant prays that the court carefully review matters and make a just decision.").

[20] *C.W. Mining Co.*, 740 F.3d at 555.

[21] *de Silva v. Pitts*, 481 F.3d 1279, 1283 n.4 (10th Cir. 2007).

[22] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[23] Sale Motion, Lane App. at 518 n.1 (confirming that Trustee was "not seeking to sell . . . numismatic coins.").

[24] What Lane really appears to contest is the Trustee's right to sell the numismatic coins that Lane is entitled to retain under the Lane Settlement Agreement. The Sale Order provides that all interests in the coins shall attach to

(continued...)

## III. Conclusion

For the reasons stated above, Lane's appeals are DISMISSED as moot.

---

[24] (...continued)
the sale proceeds. Sale Order, Lane App. at 596. If Lane could establish that the coins sold were in fact numismatic coins, he may have the *personal* right to assert his interest in the proceeds. He would not have the right to assert the interests of third parties, such as Windriver Corp. of WY, LLC, because Lane has no standing to argue third-party rights. *See Aid for Women v. Foulston,* 441 F.3d 1101, 1111 (10th Cir. 2006) (recognizing general standing limitation in federal courts that a litigant will ordinarily not be permitted to assert the rights of absent third parties). Lane also expressly waived any "right" he might claim to assert standing on behalf of others when he signed the Lane Settlement Agreement.