FILED

U.S. Bankruptcy Appellate Panel
of the Tenth Circuit

**August 7, 2025**

**Anne M. Zoltani**
**Clerk**

NOT FOR PUBLICATION[1]

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE TENTH CIRCUIT

_____

| | |
|---|---|
| IN RE LORENZO LUCIANO LOPEZ, | BAP No. UT-25-1 |
| Debtor. | |
| _____ | |
| LORENZO LUCIANO LOPEZ, | Bankr. No. 24-26705 |
| Appellant, | Chapter 13 |
| v. | |
| LON A. JENKINS, Chapter 13 Trustee, and AUNTIE TUT TRUST, | OPINION |
| Appellees. | |

_____

Appeal from the United States Bankruptcy Court
for the District of Utah

_____

Submitted on the briefs.[2]

_____

Before **SOMERS**, **JACOBVITZ**, and **LOYD**, Bankruptcy Judges.

_____

[1]This unpublished opinion may be cited for its persuasive value, but is not precedential, except under the doctrines of law of the case, claim preclusion, and issue preclusion. 10th Cir. BAP L.R. 8026-6.

[2] The Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. Bankr. P. 8019(b). The case is therefore ordered submitted without oral argument.

In July 2013, Mr. Jonathan Darger (Appellant in Case No. UT-25-5) executed a "Secured Promissory Note" payable to Appellee Auntie Tut Trust secured by a "Trust Deed" on property located at 13887 S. Lamont Lowell Circle, Herriman, Utah (the "Property"). The next month, Mr. Darger transferred the Property via warranty deed to Ultimate Estates, LLC, an entity he appears to own and manage. Then, in 2018, Ultimate Estates, LLC transferred the Property to Ultimate Enterprise, LLC. Following several years of insufficient payments, Appellee was scheduled to foreclose on the Property on January 30, 2024. One day prior to the sale, Mr. Darger filed a chapter 13 case, which was ultimately dismissed. Appellee scheduled a second foreclosure sale on June 5, 2024, and the day prior, Mr. Darger filed another chapter 13 case. The second bankruptcy case was also dismissed. Following dismissal, Appellee attempted a third foreclosure sale, which was scheduled for December 31, 2024. The day prior, the Property was transferred by Ultimate Enterprise, LLC to itself and Appellant Lorenzo Lopez via quit claim deed, and Mr. Lopez then filed a chapter 13 case.

On December 31, 2024, Appellee filed a motion to dismiss the chapter 13 case and a motion for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and for in rem stay relief pursuant to 11 U.S.C. § 362(d)(4) due to Appellant's attempt to hinder, delay, and defraud Appellee. On January 13, 2025, Appellant filed a motion to voluntarily dismiss his case. On January 14, 2025, the Bankruptcy Court entered an order granting the motion for relief from stay (the "Stay Relief Order") and, later that day, the Bankruptcy Court entered an order dismissing Mr. Lopez's chapter 13 case (the "Dismissal Order"). The Stay Relief Order granted stay relief pursuant to § 362(d)(1) and

2

(4), meaning it is binding to permit Appellee to foreclose its interest in the Property while Mr. Lopez's chapter 13 case was pending and that, when the Stay Relief Order is recorded in the state real property records in accordance with state law, it is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of the entry of Stay Relief Order.[3]

The foreclosure sale was completed on January 24, 2025.[4] On January 28, 2025, Appellant appealed the Stay Relief Order and the Dismissal Order. On January 31, 2025, the Court issued an *Order Construing Notice of Appeal as Two Notices of Appeal*, which assigned the Stay Relief Order to UT-25-1 and the Dismissal Order, as well as an unsigned dismissal order that Lopez also appealed, to UT-25-2. Appellant did not seek a stay pending appeal of any of these orders.

On June 24, 2025, the Court issued an *Order to Show Cause* ordering Appellant to provide a legal explanation as to why this case should not be dismissed for lack of jurisdiction due to mootness. Appellant responded contending that the Stay Relief Order was "jurisdictionally void or legally ineffective."[5] Appellant asserts the Dismissal Order was effective as of the time he filed his Motion to Dismiss, not on the date the Dismissal Order was entered, thereby divesting the bankruptcy court of jurisdiction to enter the Stay Relief Order entered after the filing of his Motion to Dismiss.

---

[3] 11 U.S.C. § 362(d)(4).
[4] *Motion for Conference* at 6–7.
[5] *Appellant's Response to Order to Show Cause* at 3.

Appellant also asserts that after dismissal of his chapter 13 case, Juanita Salazar acquired an interest the Property and then filed her own bankruptcy case, and that the Property was property of Ms. Salazar's bankruptcy estate when the foreclosure sale was completed January 24, 2025. Appellant asserts that, consequently, the foreclosure sale was void because it violated the automatic stay in Ms. Salazar's bankruptcy case.[6]

Appellant first argues this appeal is not moot because the Stay Relief Order was void, having been entered after the bankruptcy court was divested of jurisdiction, so that it did not terminate the stay as to the Property in subsequently filed bankruptcy cases. Second, Appellant contends that the foreclosure sale of the Property was void because it was held in violation automatic stay in the Juanita Salazar bankruptcy case. Consequently, Appellant asserts that even if the purchaser were a bona fide purchaser, effective relief from this Court remains available. That relief is to declare that the foreclosure sale was void.

Before reaching the merits, the Court has an obligation to satisfy itself of having jurisdiction to hear this appeal.[7] It is well established that an appeal of a bankruptcy court order granting relief from stay must "be dismissed as moot if a debtor fails to obtain a stay pending appeal of [that order] . . . and the moving creditor subsequently conducts a foreclosure sale, as the appellate court cannot grant any effective relief."[8] Similarly, an

_____

[6] *Id.* at 4-5.

[7] *In re Egbert Dev., LLC*, 219 B.R. 903, 905 (10th Cir. BAP 1998).

[8] *Id.* ("This Court is powerless to rescind the foreclosure sale on appeal, and reinstatement of the stay would be meaningless. Since this Court would be unable to grant any effective relief even if we were to reverse the bankruptcy court's Relief Order, we conclude that the appeal is moot."); *Marshall v. Deutsche Bank Nat'l Tr. Co. (In re*

action taken in reliance on a bankruptcy court's order granting relief from stay cannot be void even if the order relied on is subsequently reversed on appeal.[9]

Nonetheless, these rules are not without limitation. The Tenth Circuit has held that a judgment is void "if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law."[10] Thus, if a bankruptcy court lacked jurisdiction to enter an order granting relief from stay, such an order would be void. So too would any sale made in violation of stay.[11] In those instances, an appeal of the order granting stay relief would not be mooted by a subsequent foreclosure sale. [12]

---

*Marshall)*, No. 18-6022 (8th Cir. BAP Jan. 14, 2019) (holding that an appeal becomes moot where a stay-relief order is followed by a completed foreclosure sale and the debtor did not obtain a stay pending appeal). *See also In re Coones*, Nos. 94-8034, 94-8035, 1995 WL 316153, at *3 (10th Cir. May 24, 1995) (unpublished) ("The classic example of mootness in the bankruptcy context is a case in which the debtor has failed to seek a stay of foreclosure and the debtor's property has been sold.") (internal citation omitted).

[9] *See In re Moore*, Nos. EO–02–078, 02–71630, 2003 WL 1389066, at *2 (10th Cir. BAP Mar. 20, 2003) ("The appellant assumes that a reversal of the Order being appealed renders acts done pursuant to that Order void. Although appellant cites no legal authority for this proposition, he presumably relies on Tenth Circuit authority holding that actions taken in violation of the stay are void *ab initio.* This case differs from cases where actions are taken without regard to the automatic stay and without any attempt to obtain stay. . . .an action taken in reliance on a bankruptcy court's order holding the stay to be inapplicable cannot be void even if the order relied on is subsequently reversed on appeal.")

[10] *In re TEC Res., LLC*, Nos. 02–056, 02–0058–M, 00–03850–M, 00–03851–M, 2003 WL 938818, at *4–5 (10th Cir. BAP March 10, 2003) (unpublished) (quoting *In re Four Seasons Sec. Laws Litig.,* 502 F.2d 834, 842 (10th Cir.1974)).

[11] *Ellis v. Consol. Diesel Elec. Corp.*, 894 F.2d 371, 372 (10th Cir. 1990) ("any action taken in violation of the stay is void and without effect.").

[12] *See e.g., In re Sherman*, 441 F.3d 794 (9th Cir. 2006) ("We conclude, however, that the bankruptcy court lacked jurisdiction to enter an order granting the discharge at the time that it did. As that order is therefore void, this appeal is not moot.").

5

Thus, we must determine whether the Bankruptcy Court had jurisdiction to enter the Stay Relief Order. Here, the docket reflects that the Stay Relief Order was entered prior to the Dismissal Order, at a time when the Bankruptcy Court clearly had jurisdiction over the bankruptcy case and the pending motion for relief from the automatic stay. Bankruptcy courts are authorized to hear and determine all core proceedings arising under Title 11. Motions to terminate the automatic stay are specifically enumerated in 28 U.S.C. § 157(b)(2)(G) as core matters. Appellant voluntarily filed his bankruptcy petition, subjecting himself and his property to the jurisdiction of the Bankruptcy Court. Therefore, the Bankruptcy Court had the jurisdiction and authority to enter the Stay Relief Order when it was entered.

Because the Bankruptcy Court had jurisdiction to enter the Stay Relief Order when it was entered, all of Appellant's other arguments on appeal are now moot, including his argument that the Dismissal Order was retroactively effective as of the time he filed his motion to dismiss his chapter 13 case. Accordingly, it is hereby ORDERED that this appeal is dismissed as moot.